# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALEXANDER JIGGETTS | * | |
| Plaintiff | * | |
| v | * | Civil Action No. JFM-17-1690 |
| SPRING GROVE HOSPITAL CENTER, SUPERINTENDANT UNKNOWN, FORENSIC PSYCHOLOGIST ASHLEY STEWART | * * * | |
| Defendants | | |

***

## MEMORANDUM

This civil rights complaint was filed on June 16, 2017, together with a motion to proceed in forma pauperis. ECF 2. Because he appears to be indigent, plaintiff's motion shall be granted. The complaint must be dismissed.

Plaintiff Alexander Jiggetts alleges that Ashley Stewart, a forensic psychologist appointed by the Circuit Court for Baltimore City to determine if he was competent to stand trial, misled him during the interview she had with him, practiced law without a license, discriminated against him on the basis of his mental illness, failed to advise him of the law, and caused him to be hospitalized at Spring Grove Hospital where he was medicated. ECF 1. Jiggetts claims that Stewart asked him if he wanted to answer questions and he declined because he felt it violated his privacy. He faults Stewart for not telling him that if he did not cooperate with the interview he would be found not competent and would not be allowed to go home. In addition, he takes issue with the nature of the questions he was asked during the interview and asserts none were relevant to the issue of whether he was capable of assisting in his defense against charges of telephone misuse. He alleges that Stewart's observation that he was alert and oriented and that

he understood legal concepts is proof that he was competent to stand trial. He claims that Stewart's conclusion that he is not competent to stand trial constitutes practicing law without a license, but also claims that Stewart should have asked him legal questions. Because Stewart noted that Jiggetts has mental illness and that he was not currently capable of addressing the criminal charges against him in a rational manner, Jiggetts claims Stewart discriminated against him due to his mental illness. He seeks 10 million dollars in damages. ECF 1 at pp. 1 – 2.

Plaintiff filed this Complaint in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this Court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This Court is mindful, however, of its obligation to liberally construe self-represented pleadings, such as the instant Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a Complaint, the factual allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented."). In making this determination, A[t]he district court need not look beyond the complaint's allegations . . . . It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally.@ *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989).

The only defendant named in the complaint that is amenable to suit under 42 U.S.C. §1983 is Ashley Stewart. Spring Grove Hospital Center is not a person within the meaning of the statute and there are no claims raised against the remaining unknown defendants.

The claims against Stewart are barred by the doctrine of quasi-judicial immunity or derivative absolute immunity. Where a party is required to exercise a discretion similar to that exercised by judges because the exercise of their duties requires insulation from liability, they are afforded absolute judicial immunity. See *McCray v. State of Md.*, 456 F.2d 1, 3–4 (4th Cir. 1972), see also *Moses v. Parwatikar*, 813 F.2d 891 (8th Cir. 1987) (psychiatrist who performed competency examination entitled to derivative absolute immunity). Here Stewart was appointed by the court to do what the judge's expertise did not encompass: determine if Jiggetts' mental state was such that a trial on the merits of the criminal charges against him would be futile because he could not address the matter with a rational, sound mind and a full understanding of the matters to be determined. The notation that Jiggetts suffers from a mental illness; that he understood only some of the issues involved in the pending criminal case; and that he was not capable of addressing the matters rationally are all matters that are within Stewart's discretion to determine based on her interview of Jiggetts and her expertise. Stewart's role is similar to that of a witness in a judicial proceeding. Such parties are entitled to absolute immunity because "anything less . . . would defeat the requirement that the 'paths which lead to the ascertainment of truth . . . be left as free and unobstructed as possible.'" *Moses* 813 F.2d at 892, quoting *Briscoe v. LaHue*, 460 U.S. 325, 333 (1983).

The fact that Steward did not advise Jiggetts of legal consequences regarding his lack of cooperation with the interview is without legal significance. Jiggetts had court-appointed counsel for the purposes of advising him of such matters; his choice not to consult with the

3

attorney or to ignore the attorney's advice does not impose liability on Stewart for failing to provide it. Accordingly, by separate order which follows, the complaint shall be dismissed.

July 5, 2012
Date

/s/
J. Frederick Motz
United States District Judge